IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **RAYMOND JENKINS**<br><br>v.<br><br>**POLYSCIENCES, INC.** | **CIVIL ACTION**<br><br>**NO. 16-6616** |

## MEMORANDUM RE: MOTION TO DISMISS

### I.     Introduction

Plaintiff Raymond Jenkins brings this action against defendant Polysciences, Inc. ("Defendant") for alleged discriminatory termination of employment. Plaintiff's Complaint (ECF 1, "Compl.") contains two Counts:

> (1) Race discrimination, pursuant to Title VII of the Civil Rights Act of 1964 ("Title VII"), 42 U.S.C. § 2000e-2; and
> (2) Age discrimination, pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C § 623.

Before the Court now is Polysciences' Motion to Dismiss Plaintiff's Complaint under Federal Rule of Civil Procedure 12(b)(6) (ECF 3, "Def.'s Mot."). For the reasons explained below, Polysciences' Motion will be GRANTED without prejudice.

### II.    Factual Background

The following facts are taken from the Complaint, and are accepted as true for purposes of the pending motions. See Fed. R. Civ. P. 12(b)(6); United States Express Lines, Ltd. V. Higgins, 281 F.3d 383, 388 (3d Cir. 2002). Plaintiff is an African-American male and is at least sixty-six years of age. (Compl., ¶¶ 8-9). Plaintiff began employment with Polysciences as a Lab Technician in August of 2000. (Id. ¶ 7). Throughout his employment with Polysciences, Plaintiff alleges that he observed Caucasian and younger employees receive promotions and transfers to better positions, while Plaintiff was not offered similar opportunities to advance. (Id.

1

¶¶ 12-15).  In addition, Plaintiff alleges that he was paid less than Caucasian and younger employees, and, while Caucasian and younger employees received a Christmas bonus, Plaintiff did not.  (Id. ¶ 16-18).  Plaintiff alleges that he was not awarded a Christmas bonus because of "mistakes" he made, but that the Caucasian and/or younger employees who did receive the Christmas bonus "made more or the same or similar mistakes[.]"  (Id. ¶ 19).

In February 2016, Plaintiff was given the responsibility of training a "younger, Caucasian employee."  (Id. ¶ 21).  In the course of training this employee, Plaintiff "had a verbal argument" with him "at the warehouse."  (Id. ¶ 21).  A day later, Plaintiff was informed by the Human Resources department that "he had attempted to instigate a physical altercation with the younger Caucasian employee," which Plaintiff denied.  (Id. ¶ 22).

Plaintiff was terminated by Polysciences for "intimidation" in February 2016, and his responsibilities were "distributed among Caucasian and younger employees".  (Id. ¶¶ 22; 24-25, 28).  Although Polysciences has a "progressive disciplinary policy" that disciplines employees "in stages," Plaintiff "was terminated with no prior progressive discipline."  (Id. ¶ 23-24).  The younger, Caucasian employee involved in the dispute was not terminated.  (Id. ¶ 26).

### III.  Procedural History & Jurisdiction

Soon after Plaintiff's termination, Plaintiff filed a timely complaint and charge of discrimination with the Equal Employment Opportunity Commission ("EEOC") for both race and age discrimination.  (Id. ¶ 6).  Following receipt of a Notice of Right to Sue from the EEOC, Plaintiff filed the instant Complaint.  (Id. ¶ 6).  On January 24, 2017, Polysciences filed a Motion to Dismiss, alleging that Plaintiff failed to exhaust his administrative remedies with the EEOC[1]

---

[1]  Defendant initially raised failure to exhaust administrative remedies as a basis for dismissal, but has since conceded exhaustion (See Def.'s Reply at 1) ("[T]he sole issue is

2

and that Plaintiff also failed to state a claim for race or age discrimination (See Def's Mot.). Plaintiff filed an Opposition to Defendant's Motion on February 7, 2017 (ECF 4, "Pl.'s Opp'n"), to which Defendant filed a Reply on February 8, 2017. (ECF 5, "Def.'s Reply").

This Court has jurisdiction pursuant to 28 U.S.C. § 1331, and venue is proper pursuant to 28 U.S.C § 1441(a).

### IV. Legal Standard

To survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), a complaint must contain sufficient factual allegations that "state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 570 (2007). A complaint will satisfy this threshold test for facial plausibility if "the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Id. at 678. While all factual allegations must be accepted as true, Erickson v. Pardus, 551 U.S. 89, 94 (2007), this requirement does not apply to legal conclusions, which may be disregarded, Iqbal, 556 U.S. at 678.

When presented with a motion to dismiss under Rule 12(b)(6), a district court should conduct a two-part analysis. First, it should separate the factual and legal elements of a claim and accept all of the well-pleaded facts as true. Second, it should determine whether the factual allegations are sufficient to show that the plaintiff has a "plausible claim for relief." Fowler v. UPMC Shadyside, 578 F.3d 203, 210-11 (3d Cir. 2009).

### V. Discussion

---

whether Plaintiff's Complaint contains sufficient factual allegations to maintain a discriminatory discipline claim.").

3

### A.  Count I- Race Discrimination under Title VII

The first issue is whether Plaintiff has stated a claim for race discrimination.  Under Title VII, it is unlawful for an employer "to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin[.]"  42 U.S.C. § 2000e-2.  If the plaintiff lacks direct evidence, the claim is "analyzed pursuant to the burden shifting framework set forth in McDonnell Douglass Corporation v. Green, 411 U.S. 792 (1973)."  Kautz v. Met-Pro Corp., 412 F.3d 463, 465 (3d Cir. 2005).  In order to make out a prima facie case of discrimination under the McDonnell Douglas framework, plaintiff is required to show "1) that he is a member of a protected class; 2) he was qualified for the position he held; 3) he suffered an adverse employment action; and 4) that similarly situated individuals not in plaintiff's protected class were treated more favorably or that the adverse employment action occurred under circumstances that give rise to an inference of discrimination."  Sarullo v. United States Postal Service, 352 F.3d 789, 797 (3d. Cir. 2003).

In order to properly plead the fourth element, the plaintiff can either: "(1) introduce evidence of comparators (i.e., similarly situated employees who (a) were not members of the same protected class and (b) were treated more favorably under similar circumstances); or (2) rely on circumstantial evidence that otherwise shows a causal nexus between his membership in a protected class and the adverse employment action."  Greene v. Virgin Islands Water & Power Auth., 557 F. App'x 189, 195 (3d Cir. 2014).  "While 'similarly situated' does not mean identically situated, the plaintiff must nevertheless be similar in 'all relevant respects.'"  Opsatnik v. Norfolk S. Corp., 335 F. App'x 220, 222-223 (3d Cir. 2009) (citing Holifield v. Reno, 115 F.3d 1555, 1562 (11th Cir. 1997)).  Relevant factors include "a 'showing that the two

4

employees dealt with the same supervisor, were subject to the same standards, and had engaged in similar conduct without such differentiating or mitigating circumstances as would distinguish their conduct or the employer's treatment of them.'" Id. at 223 (citing Radue v. Kimberly-Clark Corp., 219 F.3d 612, 617-18 (7th Cir. 2000)).

In order to "survive a motion to dismiss, [the plaintiff does] not need to establish the elements of the prima facie case; [the plaintiff] merely need[s] to 'put forth allegations that raise a reasonable expectation that discovery will reveal evidence of the necessary elements[s].'" Groeber v. Friedman and Schuman, P.C., 555 F. App'x 133, 135 (3d Cir. 2014). The plaintiff must plead sufficient facts to allow the factfinder to infer that discrimination was the reason for the adverse employment action. Golod v. Bank of America Corp., 403 F. App'x 699, 702 (3d Cir. 2010).

Here, in support of its Motion, Defendant argues that Plaintiff failed to plead any facts to raise a reasonable expectation that he was terminated on account of his race.[2] Specifically, Defendant argues that Plaintiff does not allege that the other employee was "similarly situated" to Plaintiff because he does not allege that they "dealt with the same supervisor or were subject to the same standards." (Def.'s Mot. at 7). Plaintiff argues, by contrast, that he has adequately alleged racial discrimination because he "[plead] he was replaced by a non-African American individual[,]" and that "the warehouse worker's involvement in the same incident and presumably the same investigation makes him similarly situated." (Pl.'s Opp'n ¶¶ 23-27). In addition, Plaintiff asserts that he "set forth sufficient evidence or examples under the McDonnell

---

[2] Defendant raises other arguments in his Motion, none of which are dispositive or relevant at this time. Accordingly, at this time, the Court need not consider "Part C," because we are only considering the termination to be the adverse employment action, or "Part E," because we do not need to determine damages allegations at this stage, just whether a claim was stated. (Def.'s Mot. at 12, 15).

Douglas burden shifting framework, from which an individual may infer Defendant's actions were supported by discriminatory animus and/or that would contest any other reason proffered." (Id. ¶ 23).

A recent opinion by Judge Schmehl is instructive here. In Jones v. Aria Health, No. 13-1090, 2014 WL 32310 (E.D. Pa. Jan. 6, 2014), the plaintiff, a black employee, alleged that she was terminated after an altercation with a white employee, in violation of Title VII. Judge Schmehl determined that the complaint adequately alleged the Title VII claim because the plaintiff alleged that she and the white employee were involved in the same conduct, had the same or similar job positions, and that the white employee was not terminated. Id. at *3.

Conversely, in Braddock v. SEPTA, No. 13-06171, 2014 WL 6698306 (E.D. Pa. Nov. 25, 2014), Judge O'Neill granted the defendant's motion to dismiss the plaintiff's claim for employment discrimination under Title VII. Judge O'Neill held that the plaintiff failed to plead sufficient facts to satisfy the fourth element of the McDonnel-Douglas test. Id. at *3-4. The plaintiff's comparator group consisted of three employees who held different job positions and had different supervisors, and the plaintiff failed to plead any facts to show similar conduct between the plaintiff and the three other employees. Id. at *4. Judge O'Neill noted that the plaintiff's failure to plead facts regarding similarly situated individuals, not in the protected class, failed to give the Court sufficient facts to infer that discrimination had occurred. Id. at *4.

Here, like in Braddock, Plaintiff has failed to allege sufficient facts to state a claim for race discrimination under Title VII. Plaintiff merely alleges that (1) he was a member of the protected class (See Compl. ¶¶ 1, 8, 9), (2) Plaintiff was qualified for the position prior to his termination (Id. at ¶ 7), and (3) Plaintiff was terminated for an altercation while the other Caucasian employee involved was not (Id. ¶¶ 24-26). Plaintiff has not, however, pled any facts

6

that would allow this Court to infer racial discrimination.  Unlike in Jones, Plaintiff merely asserts the legal conclusion that he was treated differently than "similarly situated Caucasian . . . employees," (Id. at ¶¶ 12-27),  rather than specifically alleging that the employee to whom he compared himself was involved in the same conduct *and* had the same or a similar job title. Jones, 2014 WL 32310 at * 3.

In any amended complaint, Plaintiff is advised to plead facts regarding the similarity of job titles and supervisors between himself and the other employees.  However, as is, Plaintiff has simply not met his burden under the heightened pleading standards set forth in Iqbal and Fowler to describe with specificity the facts supporting his allegations.

### B.  Count II- Age Discrimination Claim under the ADEA

Defendant argues that Plaintiff's ADEA claim should also be dismissed because Plaintiff failed to plead any facts regarding the fourth prong of the McDonnell Douglass prima facie case. (See Def.'s Mot. ¶¶ 27-29).  As with his Title VII argument, Plaintiff argues that by pleading both that Plaintiff was replaced by someone younger and other specific examples of when younger employees were treated more favorably, Plaintiff has sufficiently pled an ADEA claim. (See Pl.'s Opp'n ¶¶ 23-27).

Similar to Title VII, under the ADEA it is unlawful for an employer "to fail or refuse to hire or to discharge any individual or otherwise discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's age[.]"  29 U.S.C § 623.  ADEA claims are also analyzed under the McDonnell Douglas framework.  See Smith v. City of Allentown, 589 F.3d 684, 691 (3d Cir. 2009) (confirming use of McDonnell Douglas framework for ADEA claims).

In <u>Magerr v. City of Philadelphia,</u> No. 15-4264, 2016 WL 1404156 (E.D. Pa. Apr. 11, 2016), Judge Padova dismissed the plaintiff's ADEA claim because the complaint was void of sufficient facts to satisfy the fourth element of the <u>McDonnell Douglas</u> prima facie case. <u>Id.</u> at *5, 8-10. Judge Padova stated, "the Complaint . . . [did] not identify any employees who were treated more favorably than Plaintiff or any employees who were similarly situated to Plaintiff but were not members of the same protected class," and therefore there was no "causal nexus between [the plaintiff's] membership in a protected class and the adverse employment action." <u>Id.</u> at *9. The court concluded that these conclusory, "boilerplate" allegations were not enough to sufficiently plead a claim for employment discrimination. <u>Id.</u> at *8-10; <u>cf.</u> <u>Leblanc v. Hill School</u>, No. 14-cv-1674, 2015 WL 144135 (E.D. Pa. Jan. 12, 2015) (holding plaintiff had pled sufficient facts for claim to survive where plaintiff alleged she was placed on probation while a younger employee—who was outside her protected class, in her same job position, worked under the same supervisor, and engaged in the same conduct—was not placed on probation).

Here, like in <u>Magerr</u>, Plaintiff has failed to plead any facts that make a showing that other similarly situated employees, outside the protected class were treated more favorably. Plaintiff simply states multiple times throughout his complaint that he was treated less favorably than younger employees. (<u>See</u> Compl. ¶¶ 14-16, 19, 26-27, 51-52). In relation to the altercation that lead to his termination, Plaintiff merely asserts that the employee he got into the altercation with was younger than he was. (<u>Id.</u> ¶¶ 21-22, 26). However, in order to make a showing that someone outside the protected class was treated more favorably under the ADEA, Plaintiff must show that the employee is below forty years of age, which Plaintiff does not allege. In addition, similar to the complaint in <u>Magerr</u>, Plaintiff does not plead any facts to show that the comparator

8

employees were similarly situated; instead, Plaintiff states, without any factual details, that the other younger employees were similarly situated. (Id. ¶¶ 15-16, 19).

Although Plaintiff made a showing that he and another employee were involved in the same conduct—the altercation—Plaintiff failed to plead any facts that show the two held the same job position or were supervised by the same person. The Complaint merely states that while Plaintiff was training an employee, he got into a verbal altercation with an employee. (Id. ¶ 21). There is no clarity as to with whom the altercation took place or whether that person had a similar job title or the same supervisor. As mentioned above, Plaintiff simply states that the other employee was younger than he was. (Id. ¶¶ 21-22, 26).

Accordingly, Plaintiff's Complaint is devoid of sufficient facts to support the fourth element of the McDonnell Douglas test. In any amended complaint, Plaintiff should plead facts that a comparator is outside Plaintiff's protected class, had a similar job title, had the same supervisor, and engaged in the same conduct as Plaintiff.

## VI. Conclusion

For the reasons discussed above, Polysciences' Motion to Dismiss Plaintiff's Complaint will be GRANTED, without prejudice and with leave to amend.

An appropriate Order follows.